UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF LINDA DOLBY, etc.          :
                                     :
                                     :
          Plaintiff,                 :
                                     :
v.                                   :   CASE No. 8:03-CV-2246-T-23TGW
                                     :
BUTLER & HOSCH, P.A., et al.,        :
                                     :
          Defendants.                :
_____

REPORT & RECOMMENDATION

The plaintiff filed a motion for class certification, seeking to represent a class of individuals from whom the defendants demanded or collected a prepayment penalty after acceleration of a mortgage debt in a foreclosure action (Doc. 34).[1] The plaintiff satisfied the prerequisites for class certification, except for the numerosity requirement (Docs. 58, 77). Consequently, it was given an opportunity to conduct discovery on this issue (Doc. 77). The plaintiff subsequently submitted a supplemental memorandum and documentation

_____

[1] The plaintiff contends that this conduct is a violation of Florida law and the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.

supporting its claim of numerosity (Docs. 81, 82).  The defendant has not filed an opposition to the plaintiff's materials regarding numerosity.

The plaintiff asserts that it has met the numerosity requirement for class certification because it has documentation showing that the defendant law firm "prepared at least 165 letters demanding prepayment penalties from debtors" (Doc. 81, p. 2).  These letters ostensibly were prepared in foreclosure cases, since the defendant law firm was retained for this purpose.  Thus, it would appear that these letters support a finding that the class and sub-class may total at least 165 members.  This sum, moreover, satisfies the numerosity requirement for class certification.  See Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986).

Importantly, the defendants have not filed any opposition to the plaintiff's memorandum and the time for responding has expired.[2]  Therefore, in accordance with Local Rule 3.01(b), it is assumed that the defendants do not dispute the plaintiff's argument that these letters support a finding of sufficient numerosity to certify the class.  In all events, the plaintiff has made an affirmative showing of numerosity, and the defendant has failed to counter that showing.  I

---

[2]The defendants' time for responding to the motion was extended beyond the ten-day response time under Local Rule 3.01(b) until October 6, 2005 (Doc. 86).

recommend that the Court find that the plaintiff has satisfied at this stage of the proceedings the numerosity requirement for class certification.

Accordingly, since it has been determined that the other requirements for a Rule 23(b)(3) class action have been satisfied, I recommend that the plaintiff's motion for class certification (Doc. 34) be granted. Proposed definitions of the class and sub-class have been set forth in the prior Report and Recommendation (Doc. 58, p. 31).

Respectfully submitted,

THOMAS G. WILSON
DATED: NOVEMBER 23, 2005     UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).