UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF LINDA DOLBY, by
Hanni Koenig as Personal
Representative, on their own
behalf and on behalf of all others
similarly situated,

      Plaintiff,

v.                                        CASE No. 8:03-CV-2246-T-23TGW

BUTLER & HOSCH, P.A., FRANK
A. REDER, Personally and FARON
CAJTHAML, Personally,

      Defendants.

---

## REPORT AND RECOMMENDATION

In this class action it is alleged that the defendants violated Florida law and the Fair Debt Collection Practices Act ("FDCPA") by demanding or collecting a prepayment penalty after acceleration of a mortgage debt in a foreclosure action. The named plaintiff and the defendants seek approval of a settlement of this lawsuit. The terms of the settlement include a payment of $125,000 to the representative plaintiff, along with a dissolution of the class, without prejudice to the class members seeking relief individually. After a hearing on this matter, it is clear that the proposed

settlement is not the product of fraud or collusion, and that it is a fair, reasonable and adequate resolution under the circumstances of this case. I therefore recommend that the parties' Joint Motion to Approve Settlement (Doc. 102) and Joint Motion for Relief from Court Order Pursuant to Fed. R. Civ. P. 60 (Doc. 104) be granted.

I.

The representative plaintiff in this case was assessed, and paid, a prepayment penalty totaling $4,657.32, during foreclosure proceedings initiated by the defendant law firm, Butler & Hosch, on behalf of Deutsche Bank, after the plaintiff defaulted on a home mortgage loan due to insufficient funds (Doc. 40, p. 54; Doc. 46, Ex. B).[1] On October 28, 2003, the plaintiff filed a class action complaint against the defendants, alleging that the demand or collection of a prepayment penalty after acceleration of a mortgage debt in a foreclosure action violated Florida law and Sections 807 and 808 of the FDCPA, 15 U.S.C. 1692e, f (Doc. 1).

In accordance with the intention stated in the complaint, the plaintiff subsequently filed a motion for class certification, seeking

---

[1] On August 27, 2001, Linda Dolby executed a mortgage and promissory note in favor of Deutsche Bank Trust Company Americas ("Deutsche Bank") (Doc. 46, Ex. B). On August 28, 2002, Dolby died.

certification of a class of borrowers in the state of Florida from whom defendant Butler & Hosch demanded a prepayment penalty after their mortgage debts were accelerated in a foreclosure action, and a sub-class of those borrowers from whom the defendants collected the prepayment penalty (Doc. 34).[2] That motion was referred to me for a report and recommendation (Doc. 43). I subsequently issued a report recommending that the classes be certified (Docs. 58, 87). On December 15, 2005, this court entered an Order adopting the report and recommendation and certified these two groups for class treatment (Doc. 89).

      Thereafter, the defendants petitioned the Eleventh Circuit for permission to appeal immediately the class certification Order pursuant to Rule 23(f), Fed.R.Civ.P. On February 1, 2006, the Eleventh Circuit granted the petition for permission to appeal (Doc. 90). During the pendency of the appeal, the matter was referred to the Eleventh Circuit's Kinnard Mediation Center for an appellate mediation (Doc. 102, p. 3). The mediation occurred

---

[2]The plaintiff stated during oral argument on the motion that the class certification pertained only to the law firm of Butler & Hosch. However, the joint motion to approve the settlement identifies not only the law firm, but also one attorney, as defendants (Doc. 102, p. 1). The motion for the most part, but not always, refers to "defendants" (see id. at p. 5).

on two separate dates before mediator Catherine Novack and culminated in a tentative settlement of the named plaintiff's claim (id.).

The tentative settlement provides that the defendants will pay the named plaintiff $125,000, in seven installments, which is in satisfaction of all damages, fees and costs to which the plaintiff may be entitled (id. at pp. 4-6). The plaintiff will then execute a general release. The proposed settlement further provides that the parties will jointly seek from the court dissolution of the class action and dismissal of the case by the district and appellate courts. With regard to the dissolution of the class, the parties agree that the settlement will not act as a bar to any class member's claim insofar as the defendants agree to not assert a defense of issue preclusion or res judicata. Moreover, the defendants acknowledge that the statute of limitations for class members has been tolled from the date of the lawsuit's filing until an order of dismissal is entered in this case.

These terms are memorialized in the parties' Joint Motion to Approve the Settlement (Doc. 102). Concomitantly, the parties filed a Joint Motion for Relief from Court Order [certifying the class action] Pursuant to Fed. R. Civ. P. 60 (Doc. 104). The proceedings in the Eleventh Circuit have been stayed pending disposition of the motions (see Doc. 108). These

motions have been referred to me for a report and recommendation if they are to be granted, and for disposition if they are denied (Doc. 106).

In this connection, District Judge Steven D. Merryday expressed concern over whether the class action procedure was misused by plaintiff's counsel as leverage to obtain a more favorable settlement for the named plaintiff. Consequently, oral argument focused on the circumstances surrounding plaintiff's counsel's decision to seek dissolution of the class action that had been certified.

At the hearing, Gregory Denes, class counsel, stated that he had no intention of using the class certification mechanism to gain an unfair advantage and that the parties did not conspire to arrive at an unfair settlement. In this regard, both Denes and defense counsel, G. Bartram Billbrough, emphasized that the mediation culminating in the proposed settlement was initiated by the Eleventh Circuit Court of Appeals, not the parties. Thus, Denes stated that, after the defendants' request for an interlocutory appeal was granted, the Eleventh Circuit contacted the parties to schedule a mediation, and that it was his understanding that the mediation was mandatory. Denes stated further that the mediator was not only present during the negotiations, but also encouraged this type of resolution.

Denes asserted that, from the plaintiff's perspective, the impetus for settling this case is a significant insurance coverage issue that was raised during the mediation that could jeopardize any recovery for the class members even if they prevailed on their claims. Thus, Billbrough informed Denes that there is a dispute with the defendant's insurance carrier regarding coverage for these claims. Further, Billbrough added that the liquidity of the firm was questionable.[3] Consequently, Denes explained that his overriding concern was that, if the class, comprising approximately 440 members, prevailed at trial, there could be a sizeable monetary judgment that may not be collectable. Further, the class members would at that point be barred from filing an individual claim against the defendants.

At the hearing, Billbrough elaborated on these financial issues. Billbrough confirmed that a dispute exists between the defendant and its insurance carrier regarding coverage for the claims. Further, Billbrough stated that the defendant law firm is facing financial hardship as a result of the recent devastating hurricanes in the south and a fire at their main office. Thus, Billbrough explained that the defendant, whose primary practice is mortgage

---

[3] It is noted that G. Bartram Billbrough became counsel of record for the defendant law firm in May 2005 (Doc. 80). Denes stated that this change in counsel improved communication between the parties.

foreclosures, has a presence in Texas, Mississippi, and Louisiana, and that the hurricanes in these areas have had a significant negative impact on its practice.[4] Moreover, a severe fire that consumed a major portion of their main office located in Orlando, Florida, added to these difficulties. The law firm's difficult financial situation is reflected in the fact that the settlement amount is to be paid over a period of several months.

Denes stated repeatedly during the hearing that the possibility of an unrecoverable judgment was the dispositive factor in concluding that the settlement was the best resolution of this case. In this connection, Denes noted that the proposed settlement is structured so that there is no prejudice to the unnamed class members, as it expressly preserves the right of the class members to pursue their claims individually.

With regard to the amount of the settlement, Denes stated that the amount is not a windfall, but rather a reasonable demand that reflects the attorneys' time and costs expended in the case. Denes added that opposing counsel has been given a breakdown of the basis for their settlement offer. Importantly, Billbrough stated that the settlement proposal by plaintiff's

---

[4]Billbrough was not certain whether the defendant law firm had offices in Mississippi and/or Louisiana. As pertinent here, the defendant's website indicates that it has offices in Texas and Louisiana, and offers its services in Mississippi.

counsel after class certification was similar to those made prior to class certification. Specifically, Billbrough stated at the hearing that the "general parameters of the demands of the plaintiff [before class certification] were ones that didn't really change and frankly are in the same general ballpark as what is now the [proposed] settlement in this case."

Moreover, Billbrough stated that certification of the class did not compel the defendants into settling the case because, in his opinion, they had significant arguments to make on appeal regarding the propriety of certifying these classes. He added that the Eleventh Circuit's acceptance of the discretionary appeal buttressed that belief.[5]

Finally, both counsel emphasized at the hearing that the proposed settlement was made in good faith, and those statements appeared to me to be honest and sincere.

II.

---

[5]In this connection, Billbrough stated that the defendants have asserted arguments with the Eleventh Circuit against commonality, typicality, and predominance of the class. He added that he does not believe that it is clear that the mortgage holder is not entitled to a prepayment penalty upon acceleration in a mortgage foreclosure and, that, in order to address the exceptions to this rule, each case must be separately reviewed as to the legal issues it raises and the resulting damages.

Denes stated that the Eleventh Circuit's decision to accept this discretionary appeal was not a dispositive factor in favor of settlement because he takes his cases as far as they can go.

Pursuant to Rule 23(e)(1)(A), Fed.R.Civ. P., the court must approve the settlement of a certified class. In order to approve a settlement, the district court must find that it is "fair, adequate, and reasonable, and is not the product of collusion." Leverso v. Lieberman, 18 F.3d 1527, 1530 (11th Cir. 1994); see also Rule 23(e)(1)(C), Fed.R.Civ.P. Several factors useful in making this determination are: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement is achieved. Sterling v. Stewart, 158 F.3d 1199, 1204 n.6 (11th Cir. 1998); Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984).

It is noted that there is a "strong judicial policy favoring settlement." Bennett v. Behring Corp., supra. However, a primary concern in this analysis is insuring that the rights of the passive class members are not jeopardized by the proposed settlement. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 623 (1997).

As indicated, the proposed settlement in this case includes a payment of $125,000 to the named plaintiff in exchange for the plaintiff's

execution of a general release and agreement to seek dissolution of the class, without prejudice to the absent class members pursuing claims individually against the defendants. Under the circumstances of this case, this settlement is fair, adequate and reasonable. Further, there is no evidence that the proposed settlement was the product of fraud or collusion. Each relevant consideration is discussed below.

### A. Fraud and Collusion.

As indicated, it initially appeared suspect that, after successfully arguing in favor of class certification, plaintiff's counsel would agree to dissolution of the class action in exchange for a substantial monetary benefit for the plaintiff. Thus, this circumstance raised a concern that the class certification procedure was misused to obtain a more favorable settlement for the named plaintiff. However, counsels' statements during oral argument on the motion to approve the settlement dispelled this concern.

Specifically, counsel for both parties articulated changed circumstances which explain reasonably why, after pursuing class certification, class counsel would then agree to seek dissolution of the class as part of the settlement. Most importantly, plaintiff's counsel learned after class certification that, even if the class prevailed at trial, the judgment may

not be recoverable due to the insurance coverage dispute and the defendant law firm's financial hardship. The questionable financial capability of the law firm to pay a large judgment is underscored by the payment plan contemplated in this case. Thus, it is proposed that the monetary settlement of $125,000, a relatively small sum, be paid in seven installments. The uncertainty surrounding whether a judgment would be collectable provides a reasonable, good faith basis for settling the case on the proposed terms. Furthermore, the Eleventh Circuit's acceptance of the discretionary appeal, which obviously raises the possibility that the class may be decertified, is another significant changed circumstance that affects the propriety of a settlement.[6]

Moreover, the fact that the settlement negotiations were initiated by the Eleventh Circuit and facilitated by an experienced Eleventh Circuit mediator, who, according to both parties, encouraged this resolution, is persuasive evidence that the settlement was the product of arms-length negotiations, and not collusion between the parties.

Finally, strongly militating against a finding that plaintiff's counsel misused the class certification to obtain a more favorable settlement

---

[6] In this connection, it is also noted that the named plaintiff "had a strong motivation to settle the litigation" (Doc. 104, p. 9). Thus, the settlement will enable the named plaintiff "to move the estate proceedings forward toward a conclusion and need not be burdened with the continued litigation of these issues on a class wide basis" (id.).

is the fact that the settlement proposed by the plaintiff prior to certification is comparable to the offer made post-certification. In other words, the certification of the class did not, in fact, garner a larger monetary settlement for the plaintiff.

In sum, the totality of these circumstances shows that the proposed settlement was not the product of fraud or collusion by counsel in this case.

B. Class action factors.

1. Likelihood of success.

Of course, there are uncertainties inherent in pursuing any trial. Although the plaintiff appears to have a solid position under Florida law that the demand for a prepayment penalty was improper, that alleged violation was plugged into a claim under the FDCPA. There may well be problems lurking for a claim under that Act. Furthermore, the acceptance of the class certification issue by the court of appeals indicates a significant potential for lack of success for the class members. Moreover, as a practical matter, recovery is not certain even if the class members are successful at trial, since they may not be able to collect on the judgment. See In re Rent-Way Securities Litigation, 305 F. Supp.2d 491, 505 (W.D. Pa. 2003)(establishing

liability at trial may be nothing more than a pyrrhic victory because there is a serious risk that the judgment would not be collectable). Therefore, this factor favors settlement.

      2.    <u>Range of possible recovery/point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable.</u>

The proposed settlement is clearly adequate and reasonable as to the named plaintiff. Thus, the prepayment penalty at issue in this case was $4,657.32, and the settlement provides that the plaintiff will receive $125,000, inclusive of all damages, attorneys' fees, and costs. Therefore, the settlement unquestionably provides a significant monetary benefit to the named plaintiff. On the other hand, there has been no suggestion of a higher recovery for the plaintiff if she went to trial, and counsel for both parties stated that this settlement amount is comparable to the amount that had been sought by plaintiff's counsel during earlier negotiations.

With regard to the class members, they can recover actual damages and "such amount as the court may allow..., not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. 1692k(a)(1), (2)(B)(iii). At the hearing, the parties indicated that the primary class consisted of about 440, but did not state how many, if any, were in the

sub-class. It is the latter category that would have actual damages. If that category were large and the damages were similar to the plaintiff's, the law firm's ability to pay a judgment would clearly be in question. If the category were small (or non-existent), class treatment would seem to be unnecessary and inappropriate. Importantly, the proposed settlement preserves the rights of individuals who have suffered actual damages to recover those damages, as well as additional statutory damages, an attorney's fee and costs.

As to those individuals who did not suffer actual damages because they did not act upon the demand for prepayment penalties, the recovery would seem to be minimal. Thus, while I was not informed at the hearing of the amount of the law firm's net worth, in light of the law firm's financial difficulties, it is most likely relatively modest. Consequently, one percent of that amount would be the cap for statutory damages. One percent of the law firm's net worth split 440 ways would seem to yield only a minimal award. In my view (which admittedly may be too cynical), the potential for a small windfall to individuals who failed to make their mortgage payments and then took no action in response to the law firm's demand does not justify delaying the plaintiff's recovery of her actual damages, since, after all, she did step forward and complain about the demand.

3. <u>Complexity, expense, duration of the case</u>.

This case is not only at the stage of an interlocutory appeal, but it appears to be a long way from the end in this court. Continued litigation would obviously entail time-consuming and expensive discovery and proceedings (<u>see</u> Doc. 104, p. 9 (noting that "the parties are exposed to further extensive costs" if the litigation proceeds)). Moreover, class action litigation would deplete the law firm's resources even further, making it less likely that it would be able to pay a sizeable judgment. <u>See</u> <u>Manual for Complex Litigation</u>, Fourth, §21.62, p. 316 (Fed. Jud. Center 2004)(probable resources and ability of the parties to pay, collect or enforce the settlement compared with enforcement of the probable class judgment is a factor to be considered in determining the propriety of the settlement); <u>In re Drexel Burnham Lambert Group, Inc.</u>, 960 F.2d 285, 292-93 (2d Cir. 1992); <u>City of Detroit</u> v. <u>Grinnell Corp.</u>, 495 F.2d 448, 467 (2d Cir. 1974)(common sense dictates the necessity of considering the defendants' ability to pay the judgment in considering approval of class action settlement).

4. <u>Opposition to settlement</u>.

This factor is not applicable in this case because no notice regarding this proposed settlement has been provided to the class. In this

regard, no notice to the class members was required because the members are not bound by this proposed resolution. See Rule 23(e)(1)(B), Fed.R.Civ. P. ("The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal or compromise"); Advisory Committee Notes to Rule 23, 2003 Amendments, Subdivision (e), Paragraph 1 ("notice is not required when the settlement binds only the individual class representatives").

> 5. Stage of the proceedings at which settlement is achieved.

The proposed settlement is occurring early enough in the litigation that significant litigation fees and costs will be avoided, but not so early that counsel lacked sufficient information to make an informed decision. Thus, this case was filed in 2003, and the parties have had sufficient time to develop the strengths and weaknesses of their case, and to evaluate adequately the benefits of settlement against further litigation. Further, neither party indicated that a lack of information undermined its ability to make an informed decision regarding the propriety of a settlement.

Finally, counsel for the parties in this case are seasoned attorneys, and they "have concluded that the terms of the settlement reflect the best interests of each party in every respect" (Doc. 104, p. 10). See Holmes v.

Continental Can Co., 706 F.2d 1144, 1149 (11th Cir. 1983) (trial court may take into account the judgment of experienced counsel). Significantly, it is noted that, for class counsel, the dispositive factor in favor of settlement was the financial position of the law firm, not a lack of information, or doubts regarding the underlying merits of the claims.

In sum, based on the circumstances of this case, the proposed settlement is fair, adequate and reasonable. The factors that are especially noteworthy in this regard are the considerable risk that a judgment would not be recoverable and that the proposed settlement does not prejudice the rights of class members who may want to file individual claims against the defendants for the alleged violations.

III.

The parties also filed a Joint Motion for Relief from Court Order Pursuant to Fed. R. Civ. P. 60 (Doc. 104). In this regard, the parties request "this Court to indicate its intention to grant the joint motion of the parties to vacate its prior order relating to class certification" (id. at p. 6).

The parties acknowledge that, "[a]s a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir.

2003). However, "it does not prevent the district court from taking action in furtherance of the appeal." Id. In this connection, the parties contend that the district court may consider their Rule 60(b) motion pursuant to the Eleventh Circuit's opinion in Mahone v. Ray, supra, 326 F.3d at 1180, which states:

> [A] district court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess its merits. It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion.

The applicability of Rule 60(b), Fed.R.Civ.P., in this circumstance is unclear since that rule relates to judgments, and no judgment has been entered in this case. Similarly, counsel for both parties acknowledged at the hearing that the circumstances of this case do not appear to fit squarely within the language of Rule 60(b), Fed.R.Civ.P.

However, they state that mediator Novack advised them that the filing of a Rule 60(b) motion is the correct procedure to follow in this case based on Judge Marcus's opinion in Mahone v. Ray, supra. Importantly, both counsel stated that the mediator told them that this procedure has been successfully followed in similar circumstances on previous occasions.

Therefore, notwithstanding the lack of a close fit between the circumstances of this case and the language of the rule, I recommend following the procedure advocated by Novack, as she is an experienced Eleventh Circuit mediator who represented that this approach is appropriate.

In this regard, the parties meritoriously argue that dissolution of the class is appropriate in order to effect the proposed settlement in this case. Therefore, I recommend that the court "indicate its intention to grant the joint motion of the parties to vacate its prior order relating to class certification" (Doc. 104, p. 3). See Mahone v. Ray, supra, 326 F.3d at 1180.[7]

IV.

For the foregoing reasons, I recommend that the parties' Joint Motion to Approve Settlement (Doc. 102) and Joint Motion for Relief from Court Order Pursuant to Fed. R. Civ. P. 60 (Doc. 104) be granted. As stated above, approval of the proposed settlement is appropriate because its terms are fair, reasonable and adequate, and there is no indication that it is the product of fraud or collusion. Furthermore, the Order should indicate that it is the district court's intention to vacate the class certification Order of December

---

[7]In this connection, the parties state that they "will thereafter move for a remand [from the Eleventh Circuit] so that this Court can formally vacate the December 15, 2005[,] order and this case can proceed to a settled resolution" (Doc. 104, p. 10).

15, 2005, upon remand of the case to this court, in order to effectuate the terms of the settlement.

Respectfully submitted,

*Thomas G. Wilson*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 4, 2006

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).